**QUAN CAI LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.[1]**

No. 07–2177–ag.

United States Court of Appeals, Second Circuit.

June 9, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**115**

Benjamin B. Xue, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Alison Marie Igoe, Senior Litigation Counsel, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Quan Cai Lin, a citizen of the People's Republic of China, seeks review of an April 26, 2007 order of the BIA, affirming the November 10, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Quan Cai Lin,* No. A96 336 032 (B.I.A. Apr. 26, 2007) *aff'g* No. A96 336 032 (Immig. Ct. N.Y. City Nov. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). However, when the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). In this case, the BIA adopted and affirmed the IJ's decision, finding that, although Lin's excuse for why he did not present a letter from his mother was legitimate, the adverse credibility determination was not clearly erroneous. Thus, we re-

view the IJ's decision as supplemented by the BIA. *Yan Chen,* 417 F.3d at 271; *Xue Hong Yang,* 426 F.3d at 522.

■ We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

■ As an initial matter, we disagree with the government's arguments that Lin has waived any challenge to the denial of his CAT claim. Although intermingled with his argument regarding his eligibility for withholding of removal, Lin does indicate in his brief that he is challenging the agency's finding that he is not likely to face torture in China. Nevertheless, as to the CAT claim and the asylum and withholding claims, we find the agency's adverse credibility determination to be supported by substantial evidence.

The IJ reasonably found it inconsistent that Lin testified at one point that he learned his father was sent to a labor camp when he was in hiding at his uncle's home, but at another point that he learned about his father's fate only when he arrived in the United States. This is a material inconsistency because Lin's subjective fear of returning is based on what happened to his father after he was arrested for his Falun Gong practice. *See Zhou Yun Zhang,* 386 F.3d at 74–75. Additionally, the IJ reasonably found inconsistent Lin's testimony that his mother told him to go into hiding because the police were looking for him, but the police had not yet gone to his and his parents' house when his mother allegedly made that statement. This discrepancy is also relevant to Lin's fear of future persecution in China because it calls into question whether police are indeed searching for Lin. *See Secaida–Rosales,* 331 F.3d at 309. Moreover, the agency reasonably relied on the IJ's demeanor finding in making its adverse credibility determination.[2] We accord particular deference to such findings, especially, where, as here, the IJ noted multiple times that Lin was evasive, unresponsive, or hesitant in answering questions.

Because we find that the IJ's adverse credibility determination was supported by substantial evidence, we do not reach her alternative finding that, even assuming credibility, Lin failed to meet his burden of proof. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006)

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** We note that, as the government argues, Lin did not challenge the IJ's demeanor finding. Nonetheless, because that finding is amply supported by the record, we find that it provided further support for the IJ's credibility determination.